## DICKERTON v YOUNGSTOWN (city)

Ohio Appeals, 7th Dist, Mahoning Co

No 2463. Decided April 15, 1938

John Ruffalo, Youngstown, and Forrest Cavalier, Youngstown, for appellee.

Vern Thomas, Youngstown, and William E Lewis, Youngstown, for appellant.

### OPINION

By BENNETT, J.

In this case the plaintiff recovered a verdict and judgment in the amount of $8,500.00 for personal injuries alleged to have been suffered from a fall caused by a defect in the sidewalk in front of the plaintiff's home. The judgment was affirmed by this court, and some five months after such affirmance the defendant filed a petition for a new trial in the Common Pleas Court on the ground of newly discovered evidence. The newly discovered evidence was testimony of a neighbor, W. F. Lutz, who testified that he saw the accident and that the plaintiff's injury did not occur from a fall at the defective spot in the sidewalk, but from a fall from a bicycle ridden by plaintiff and two other boys on a driveway, one hundred or one hundred and fifty feet away from the defective sidewalk. At the original trial there was no testimony as to how the accident occurred other that the testimony of the plaintiff himself. Consequently, we believe that the new testimony, if it had been produced at the original trial might well have produced a different verdict.

The court below denied a new trial on the ground that reasonable diligence on the part of the city would have discovered Mr. Lutz's testimony for the original hearing.

At the original hearing the cross-examination of the plaintiff by counsel for the defendant, although they produced no testimony whatever to support it, indicated a belief on his part that a fall from a bicycle caused the accident and indicated also that Mrs. Lutz, who had died prior to the trial, might have known something about the bicycle story. Mr. Lutz had lived in Youngstown during the entire period, although he had moved from the immediate neighborhood.

We cannot say that the trial court abused its discretion or was clearly wrong in deciding that reasonable diligence in the preparation of the case by the city would have discovered Mr. Lutz as a witness prior to the trial, when at the time they knew that Mrs. Lutz had knowledge of the same fact which they now wish to prove.

We accordingly affirm the judgment of the trial court.

**Sheen v Kubiac, 131 Oh St 53.**

NICHOLS, PJ, and CARTER, J, concur.